**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| NETWORK SYSTEM<br>TECHNOLOGIES, LLC, | § | |
| Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 1:25-CV-1647-ADA |
| SK HYNIX INC.; SK HYNIX<br>AMERICA INC., | §<br>§<br>§ | |
| Defendants. | § | |

## ORDER

Before the Court is a motion by Advanced Micro Devices, Inc. and Xilinx, Inc. to dismiss under Fed. R. Civ. P. 12(b)(6) Plaintiff's claims of pre-suit indirect and willful infringement allegations. Dkt. No. 28. After considering the motion, Plaintiff's response in opposition (Dkt. No. 43), and Defendants' reply in support (Dkt. No. 45), the Court finds that the motion is hereby **GRANTED.** Plaintiff's claims of pre-suit indirect and willful infringement are dismissed without prejudice to re-adding after discovery.

### I.    BACKGROUND

Plaintiff Network System Technologies, LLC ("NST") filed this Complaint alleging infringement of U.S. Patent Nos. 7,366,818 ("'818 patent"), 7,373,449 ("'449 patent"), 7,594,052 ("'052 patent"), 7,613,849 ("'849 patent"), 7,769,893 ("'9893 patent"), 8,072,893 ("'2893 patent"), 8,086,800 ("'800 patent"), (collectively, the "Asserted Patents"). (collectively, the "Asserted Patents"). Dkt. No. 1 ¶ 1. The Asserted Patents were developed by Philips Semiconductors and Plaintiff argues they are all directed to Network on Chip ("NoC") technology and relate to "fundamental innovations in SoCs, including how the multitude of processors,

memories, and other functional units residing on an SoC are interconnected and communicate with each other." *Id.* ¶¶ 22, 134. Defendants filed this Motion to Dismiss under Rule 12(b)(6) Plaintiff's pre-suit indirect and willful infringement claims. Dkt. No. 28.

## II.    LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— "that the pleader is entitled to relief." *Id.* Accordingly, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 735. Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* Accordingly, the requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* (quoting *Iqbal*, 556 U.S. at 679).

### III.    ANALYSIS

### 1.  Pre-Suit Willfulness

To allege willful infringement, the plaintiff must plausibly allege "subjective willfulness of a patent infringer." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S.Ct. 1923, 1933, 195 L.Ed.2d 278 (2016). This standard requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019); *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

This Court has made a distinction between pre- and post-suit willfulness and has held that the filing of the complaint establishes the notice needed to render a plaintiff's post-suit willfulness claim plausible. *See BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 583 F.Supp.3d 769, 782 (W.D. Tex. Feb. 1, 2022). To show pre-suit willful infringement, the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents. *Parity Networks*, 6:19-CV-00207-ADA, 2019 WL 3940952, at *8.

The Court finds that Plaintiff has not plausibly alleged that Defendants had pre-suit knowledge of the Asserted Patents. Plaintiff argues that the Complaint alleges pre-suit knowledge based on NST's 2022 Litigations against another company, Arteris and licensees of Arteris' interconnect technology. Dkt. No. 43 at 6-7 (citing Dkt. No., 1, ¶ 24). NST argues that Defendants are members of RPX Corporation and that RPX notified its members of NST's 2022 Litigations.

*See id.* at 7 (citing ¶ 25). NST relies on specific news articles distributed by RPX to its members discussing the NST 2022 Litigations and including information related to the enforced patents. *See id.* at 7-8. (citing ¶¶ 24-25).

The Court finds that, after viewing the allegations in the light most favorable to the plaintiff, NST's allegations are insufficient to survive Defendants' Rule 12(b)(6) motion. The Complaint only alleges that Defendants may have been provided with access to knowledge by virtue of their membership with another corporation, and that corporation's resources may have led them to become aware of relevant litigation from NST. NST has not plausibly alleged that Defendants knew of the patents-in-suit or that Defendants should have known that its conduct amounted to infringement. NST's claim fails at step one: the allegations do not plausibly allege knowledge by Defendants. They merely allege access to a potential source of knowledge.

The Court therefore finds that NST's pre-suit willfulness claim must fail. But the Court will follow its "usual practice" of dismissing without prejudice the pre-suit willful infringement claims while allowing NST amend its Complaint after beginning fact discovery to re-add those claims. *BillJCo, LLC*, 583 F. Supp. 3d at 782.

### 2. Indirect Infringement

Both induced infringement and willful infringement require that the alleged infringer have knowledge (or willful blindness) of the asserted patents. *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 727 (W.D. Tex. 2022). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011).

NST similarly relies on alleged communications from RPX and Arteris as imputing knowledge of NST's 2022 Litigations to Defendants. *See* Dkt. No. 43 at 11. The Court finds that for the same reason articulated above, the indirect infringement claim must fail. Again, the Court will follow its "usual practice" of dismissing without prejudice the pre-suit willful infringement claims while allowing NST amend its Complaint after beginning fact discovery to re-add those claims. *BillJCo, LLC*, 583 F. Supp. 3d at 782.

### IV.    CONCLUSION

For these reasons, Defendants' Motion to dismiss under Fed. R. Civ. P. 12(b)(6) Plaintiff's claims of pre-suit indirect and willful infringement (Dkt. No. 28) is **GRANTED.**

Plaintiff's claims of pre-suit indirect and willful infringement are **DISIMISSED WITHOUT PREJUDICE** to re-adding after discovery.

**IT IS SO ORDERED.**

**SIGNED** on July 2, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE